IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID BUCK CULVER,
      Petitioner,

v.                                Case No.  3:11cv606/LC/CJK

MICHAEL D. CREWS,[1]
      Respondent.

_____

# ORDER and
# REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition as untimely (doc. 24), submitting relevant portions of the state court record (doc. 27).  Petitioner responds in opposition to dismissal.  (Doc. 28).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter.  Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments before the Court show that the petition is untimely and should be dismissed.

_____

[1]Michael D. Crews succeeded Kenneth S. Tucker as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent.  Fed.R.Civ.P. 25(d).

## BACKGROUND AND PROCEDURAL HISTORY

On March 30, 2006, petitioner was charged by Second Amended Information filed in the Circuit Court for Escambia County Florida, Case Number 05-1654, with Aggravated Child Abuse - Causing Great Bodily Harm, Permanent Disability, or Permanent Disfigurement (Count 1) and Child Neglect - Causing Great Bodily Harm, Permanent Disability, or Permanent Disfigurement (Count 2).  (Doc. 27, Ex. A).[2] Petitioner went to trial and was found guilty by jury verdict of both counts as charged. (Exs. B, C).  Petitioner was adjudicated guilty and sentenced to a term of thirty years imprisonment on Count 1 and a consecutive term of ten years imprisonment on Count 2.  (Ex. B, p. 391, Ex. D).  On May 15, 2007, the Florida First District Court of Appeal ("First DCA") affirmed petitioner's judgment of conviction, per curiam, without  a written opinion.  *Culver v. State*, 956 So. 2d 1184 (Fla. 1st DCA 2007) (Table) (copy at Ex. G).

On January 14, 2009, petitioner filed a *pro se* motion to modify his sentence. (Ex. I).  The trial court denied the motion on February 3, 2009.  (Ex. J).  Petitioner did not appeal.

On May 10, 2009, petitioner filed in the First DCA a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel.  (Ex. K).  The petition was denied on the merits on June 18, 2009.  *Culver v. State*, 11 So. 3d 997 (Fla. 1st DCA 2009) (copy at Ex. L).

Also on May 10, 2009, petitioner filed in the circuit court a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  (Ex. M).  On

---

[2]Hereafter, all references to exhibits will be to those provided at Doc. 27, unless otherwise noted.

September 18, 2009, the court entered an order striking the motion with leave to amend. (Ex. N). Petitioner filed an amended motion for postconviction relief on October 16, 2009. (Ex. O). The court conducted a limited evidentiary hearing on May 20, 2010 (ex. S), and denied relief (Ex. T). The First DCA affirmed, per curiam, without a written opinion. *Culver v. State*, 64 So. 3d 120 (Fla. 1st DCA 2011) (Table) (copy at Ex. Y). The mandate issued July 15, 2011. (Ex. BB).

Petitioner filed the instant federal habeas petition on December 14, 2011. (Doc. 1). Respondent asserts that the petition should be dismissed as untimely. (Doc. 24). Petitioner opposes dismissal, arguing that because he filed his original Rule 3.850 motion *pro se* and without the assistance of counsel, he "has established 'cause' for his procedural default" under *Martinez v. Ryan*, 132 S. Ct. 1309, 1310 (2012). (Doc. 28). Petitioner also argues that he "was instructed to file the wrong motion in this case on October 23, 2008." (*Id*., p. 2).

## TIMELINESS

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such

State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

The First DCA affirmed petitioner's conviction on May 15, 2007.  Petitioner did not seek review of his conviction in the United States Supreme Court.  Accordingly, petitioner's conviction became "final" for purposes of § 2244 on August 13, 2007, when the ninety-day period for seeking certiorari from the Supreme Court expired.[3]  *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir.

---

[3]The 90-day period for filing in the United States Supreme Court a petition for a writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate.  *See* Sup. Ct. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of*

2002) (holding that limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court). The federal habeas limitations period began to run on August 13, 2007, and expired on August 14, 2008, one year from the day after petitioner's judgment became final, in the absence of tolling. *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the date after the judgment became "final" under § 2244(d)(1)); *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same). Although respondent states that "Petitioner had until November 13, 2008, to file his federal petition for habeas corpus relief," (doc. 24, p. 6), that is clearly a misstatement and does not control.

The record reveals that petitioner had no properly filed applications for state postconviction or other collateral review pending during that critical period between August 13, 2007 and August 14, 2008. None of petitioner's later applications for postconviction or other collateral review filed in 2009 triggered the tolling benefit of § 2244(d)(2), because they were filed after the AEDPA's limitations period expired. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

---

*Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

Respondent has included as part of the state court record the following information concerning a 2007 state habeas corpus petition.  On October 23, 2007, the Escambia County Circuit Court received a copy of a "Petition for Writ of Habeas Corpus (Belated Appeal)" captioned for the Florida First District Court of Appeal. (Ex. EE, p. 9, line 239; Ex. FF).  A copy of the 2007 petition is provided at Exhibit FF.  Petitioner asserted in that petition that no appeal was filed in his criminal case and that he was entitled to a belated appeal.  (Ex. FF).  Petitioner also set forth three postconviction claims.  (*Id*.).  Respondent asserts, and petitioner does not dispute, that the Florida First District Court of Appeal's docket reflects no filings from petitioner in 2007 or 2008.  (*See* Doc. 24, p. 7; Doc. 28; s*ee also* www.1dca.org).  Petitioner filed a notice of inquiry in the Escambia County Circuit Court on March 20, 2008, inquiring about the status of his "belated appeal 3.850".  (Ex. FF, Ex. GG).  The Escambia County Circuit Court Clerk responded in a letter dated March 25, 2008: "Our records show you filed a Petition for Writ of Habeas Corpus with the First District Court of Appeal on October 23, 2008 [sic].  A copy of this petition is enclosed for your review.  For information on this motion you will have to contact The First District Court of Appeals."  (Ex. HH).  Petitioner has not provided any evidence concerning the 2007 petition.

Respondent argues that petitioner's 2007 "Petition for Writ of Habeas Corpus (Belated Appeal)" did not toll the federal habeas limitations period, because it was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).  In *Artuz v. Bennett*, 531 U.S. 4, 121 S. Ct. 361, 148 L . Ed. 2d 213 (2000), the United States Supreme Court defined the term "properly filed" as used in § 2244(d)(2).  The Court held that an application is: (1) "filed" when it is delivered to, and accepted by, the

appropriate court officer for placement in the official record; and (2) "'properly filed'" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Id*. at 8, 121 S. Ct. at 363-64. Laws and rules governing filings include those prescribing the form of the document, time limits, the court and office for filing, filing fees, and other preconditions imposed on filers. *Id*.

Petitioner's 2007 "Petition for Writ of Habeas Corpus (Belated Appeal)" stated that it was being filed under Florida Rule of Appellate Procedure 9.141(c). Rule 9.141(c) governs petitions seeking belated appeals. Fla. R. App. P. 9.141(c)(1). The Rule requires that all petitions seeking belated review be filed "in the appellate court to which the appeal . . . should have been taken." Fla. R. App. P. 9.141(c)(3). Rule 9.141(d) governs petitions alleging ineffective assistance of appellate counsel. Fla. R. App. P. 9.141(d)(1). The Rule requires that all petitions alleging ineffective assistance of appellate counsel be filed "in the appellate court to which the appeal was taken." Fla. R. App. P. 9.141(d)(3). Petitioner does not allege or provide any evidence that he mailed his 2007 "Petition for Writ of Habeas Corpus (Belated Appeal)" to the Florida First District Court of Appeal. To the contrary, petitioner's certificate of service attached to the 2007 petition certifies that on October 18, 2007, petitioner placed the petition in the hands of prison officials for mailing to "Clerk of the Court, 160 Governmental CTR, Pensacola, FL 32502", which is the address of the Escambia County Circuit Court. (Ex. FF). Petitioner's 2007 "Petition for Writ of Habeas Corpus (Belated Appeal)" was not "properly filed" under § 2244(d)(2), and does not trigger the tolling benefit of that statute.

Petitioner's time for seeking federal habeas review in this Court expired on August 14, 2008. Petitioner's federal habeas petition, filed December 14, 2011, is

untimely.

## EQUITABLE TOLLING

Petitioner appears to argue that he is entitled to equitable tolling because he was not represented by counsel when he filed his original Rule 3.850 motion (*citing Martinez v. Ryan, supra*), and because he "was instructed to file the wrong motion in this case on October 23, 2008 [sic]. . . ." (Doc. 28, p. 2). "[A federal habeas] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)). The petitioner must allege more than conclusory allegations, *San Martin*, 633 F.3d at 1268, and must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition." *San Martin*, 633 F.3d at 1267.

Petitioner's lack of counsel in filing his original Rule 3.850 motion does not provide a basis for equitable tolling, and petitioner's reliance on *Martinez v. Ryan*, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), is misplaced. The *Martinez* case dealt with the exhaustion requirement of 28 U.S.C. § 2254(b), and decided

"whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's error in an initial-review collateral proceeding." *Martinez*, 132 S. Ct. at 1313. The *Martinez* opinion does not address equitable tolling or the AEDPA's statute of limitations.

Petitioner further fails to establish that alleged erroneous advice concerning the filing of his 2007 state habeas petition provides a basis for equitable tolling. Petitioner states that he "was instructed to file the wrong motion in this case" and references the 2007 state habeas petition.[4] Petitioner does not identify the source of the alleged erroneous advice "to file the wrong motion", and does not connect that advice to any affirmative act of the State. Petitioner further fails to allege facts suggesting that the advice prevented him from timely filing his federal habeas petition. *San Martin*, 633 F.3d at 1267 ("As for the 'extraordinary circumstance' prong, like the Supreme Court's articulation in *Holland*, [the Eleventh Circuit] too ha[s] required a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition.") (*citing Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005)). Neither petitioner's ignorance of the law, nor his reliance on inmate law clerks constitutes an "extraordinary circumstance." *See, e.g., Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (holding that petitioner's *pro se* status and ignorance of the law are not "rare and exceptional" circumstances because they are typical of those bringing

---

[4]Petitioner identifies it as the "October 23, 2008" petition (doc. 28), but clearly means the 2007 "Petition for Writ of Habeas Corpus (Belated Appeal)". Had petitioner filed a state habeas petition on October 23, 2008, it would not have tolled the federal limitations period because the limitations period expired on August 14, 2008.

§2254 claims"); *Marsh v. Soares*, 223 F.3d 1217 (10th Cir. 2000) (holding that federal habeas petitioner was not entitled to equitable tolling of limitations period; neither inmate's ignorance of the law, nor fact that inmate law clerk working through prison legal access program helped draft petition, excused prompt filing); *see also, e.g., Holloway v. Jones*, 166 F. Supp. 2d 1185 (E. D. Mich. 2001) ("Claims that a petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations.").

Petitioner also fails to link his error in directing his 2007 state habeas petition to the wrong court to an affirmative act by the State. The applicable Florida statute directs unambiguously that a petition for belated appeal or alleging ineffective assistance of appellate counsel shall be filed with the appellate court. Petitioner captioned properly his petition for the appellate court; inexplicably, he mailed the petition instead to the state trial court. Petitioner's error is attributable to no misfeasance of the State. *See, e.g., Hill v. Jones*, 242 F. App'x 633 (11th Cir. 2007) (holding that petitioner's appeal of his state postconviction motion, which was dismissed as untimely because it was filed in the wrong state court, was not "properly filed" under § 2244(d)(2), and that petitioner failed to establish entitlement to equitable tolling arising from the error: "Hill's error in directing his Rule 32 appeal to the wrong court is linked to no affirmative act by the state.").

To the extent petitioner suggests that the March 25, 2008 letter from the Escambia County Circuit Court Clerk misled him to believe that his state habeas petition had been filed with the First District Court of Appeal, petitioner still fails to establish entitlement to equitable tolling. The Eleventh Circuit has held that equitable tolling may be warranted when a government official has misled a petitioner.

*Spottsville v. Terry*, 476 F.3d 1241, 1245 (11th Cir. 2007) (citing cases). But even if the March 25, 2008 letter misled petitioner to believe that his state habeas petition had been filed with the First DCA in October of 2007, the letter also advised petitioner, accurately, that he must contact the First DCA for information on the status of the petition. (Ex. HH). Petitioner does not assert that he followed the court's instructions and contacted the First DCA before the federal habeas limitations period expired on August 14, 2008. Petitioner waited over one year beyond receiving the Escambia County Clerk's letter, until May 10, 2009, before filing anything in the First DCA. (Ex. K). Petitioner not only fails to establish the requisite causal connection between the allegedly erroneous information and the untimely filing of his federal habeas petition, but also fails to establish that he acted with reasonable diligence in pursuing his rights.

## CONCLUSION

The instant federal habeas petition is untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period. Petitioner's failure to timely file his petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The Clerk shall change the docket to reflect that Michael D. Crews has been substituted as respondent in this cause.

And it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 24) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging the conviction and sentence in *State of Florida v. David Buck Culver* in the Circuit Court for Escambia County, Florida, Case No. 05-1654 be DISMISSED WITH PREJUDICE, and the Clerk be directed to close the file.

3. That a certificate of appealability be DENIED.

At Pensacola, Florida this 30th day of January, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).